UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Ma Leonor Mora-Mejia,                                          Case No. 4:26-cv-745

        Petitioner,

    v.                                                                ORDER


Field Office Director of Enforcement
and Removal Operations, Detroit Field Office,
Immigration and Customs Enforcement, et al.

        Respondents.


Petitioner Ma Leonor Mora-Mejia is "a citizen of Mexico who has been in immigration detention since June 13, 2025." (Doc. No. 1). On March 27, 2026, she filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, "to seek enforcement of [her] rights as [an] member[ ] of the Bond Denial Class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM (C.D. Cal.)." (Doc. No. 1 at 2). Specifically, Petitioner made her "request for relief pursuant to *Maldonado Bautista*," asking this Court to "[i]ssue a writ of habeas corpus requiring that within one day, Respondents release Petitioner;" or "[a]lternatively, issue a writ of habeas corpus requiring Respondents to release Petitioner unless they provide a bond hearing under 8 U.S.C. § 1226(a) within seven day." (*Id.* at 6-7).

On April 24, 2026, Magistrate Judge James E. Grimes Jr. issued a Report & Recommendation ("R &R"), recommending I find this Court has jurisdiction to *consider* the petition challenging Petitioner's detention, but that I deny the petition because her sole argument, that this

Court should enforce the judgment in *Maldonado Bautista*, is meritless. (Doc. No. 7). In the R & R, he notified the parties:

> Any objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Beauvais*, 928 F.3d 520, 530–31 (6th Cir. 2019).

(*Id.* at 7).

The fourteen-day period for objections passed, and neither Petitioner nor Respondents filed objections to the R & R. *See* 28 U.S.C. § 636(b)(1).

But on May 14, 2026, Respondents filed a "notice of adverse decision," in which they admit the Sixth Circuit's recent decision in *Lopez-Campos v. Raycroft*, 175 F.4th 713 (6th Cir. 2026), "may apply to arguments made in the Petition" but maintain "it does not affect the Magistrate Judge's Report and Recommendation, finding Petitioner's sole argument claimed *Bautista* applied in this district." (Doc. No. 8 at 2). Respondents recognize that under *Lopez-Campos*, "Petitioner is detained under 8 U.S.C. § 1226(a) and is entitled to a bond hearing under the Fifth Amendment." (*Id.* at 2). And in turn, they recommend that "[i]f the Court rejects the Report and Recommendation, consistent with the relief affirmed in *Lopez-Campos*, the Court should order the immigration judge to conduct a bond hearing under 8 U.S.C. § 1226(a), or that Respondent immediately release Petitioner." (*Id.* at 3). But Respondents also assert Petitioner's request for a bond hearing is now moot because a bond hearing was scheduled on May 13, 2026, to take place on May 19, 2026. (*Id.*; *see also* Doc. No. 8-1 at 7).

Since the issuance of the Sixth Circuit's decision in *Lopez-Campos*, Petitioner has filed nothing. More specifically, Petitioner did not seek leave to file belated objections to the R & R in light of changed circumstances, did not file anything in response to Respondents' notice, and did not

2

file anything after May 19, 2026, to indicate the bond hearing did not occur such that she still seeks relief from detention from this Court.

Therefore, considering the record before me, I order Petitioner to show cause as to why this case should not be dismissed no later than June 30, 2026.  If there remain justiciable questions at issue, Petitioner should state with specificity what those matters are and propose a method by which they may be resolved.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

3